**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Harvey E. PAGE, Jr. Defendant–**
**Appellant.**

**No. 01–5333.**

United States Court of Appeals,
Sixth Circuit.

Jan. 7, 2003.

Before KRUPANSKY and CLAY, Circuit Judges, and GWIN, District Judge.*

KRUPANSKY, Circuit Judge.

The defendant-appellant Harvey E. Page, Jr. ("Page" or "the defendant") has contested his guilty-plea conviction under 21 U.S.C. § 841(a)(1) for conspiring to distribute, and to possess with intent to distribute, an uncharged amount of cocaine base (or "crack"); and his consequent twenty-year prison sentence under 21 U.S.C. § 841(b)(1). The subject review constitutes Page's second visit to the Sixth Circuit. This court had previously vacated the appellant's original thirty-year sentence and remanded for re-sentencing in light of the Supreme Court's edict in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[1] The Sixth Circuit resolved on its initial review that unpreserved "plain error"[2] had prejudicially infected the sentencing court's narcotics quantification by a preponderance of the evidence, because the trial court's at-

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

1. The essence of the *Apprendi* mandate was that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

2. An argument or claim forfeited by a litigant, by neglecting to timely assert it before the trial court, may nonetheless be examined by a reviewing court if the trial court's failure to notice it constituted "plain error" under the law as it exists at the time of appellate scruti-

ny. *United States v. Page*, 232 F.3d 536, 544 (6th Cir.2000), *cert. denied*, 532 U.S. 1056, 121 S.Ct. 2202, 149 L.Ed.2d 1032 (2001). "Under that [plain error] test, before an appellate court can correct an error not raised at trial, there must be (1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial rights.' If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002). (Citations, quotations, and brackets omitted; bracketed material added).

tribution of at least 1.5 kilograms of crack to the defendant triggered a guidelines sentencing range of thirty years to life; whereas, under 21 U.S.C. § 841(b)(1)(C), the statutory maximum penalty for trafficking an unspecified volume of cocaine base was twenty years. *United States v. Page*, 232 F.3d 536, 542–45 (6th Cir.2000) (*"Page 1"*), *cert. denied*, 532 U.S. 1056, 121 S.Ct. 2202, 149 L.Ed.2d 1032 (2001). Following remand, the sentencing judge exacted a twenty-year imprisonment term, the maximum authorized by § 841(b)(1)(C).

Page, through his court-appointed counsel, subsequently asserted three new *Apprendi*-based attacks against his amended judgment of conviction and sentence:[3] (1) the trial court allegedly should not have found a crack cocaine quantity by a pre-

3. As developed below, Page's lawyer has since conceded that each of the defendant's three subject challenges has been precluded by binding precedents of the United States Supreme Court or the Sixth Circuit. For that reason, Page had moved *pro se* for appointment of a new attorney and for leave to file a *pro se* supplemental brief. This circuit court denied that motion because, as illuminated herein, the concessions made by the defendant's lawyer were compelled by the governing case law.

Because each of Page's instant charges of error were facially misconceived under current law, this reviewing court declines to address the government's contention that Page had waived the three arguments at issue by failing to assert them in his initial appeal. *See, e.g., In re Allied Supermarkets, Inc.*, 951 F.2d 718, 725–26 (6th Cir.1991) (instructing that an unpreserved legal argument may, in the appellate court's discretion, be resolved, if it has been "presented with sufficient completeness and clarity for this court to resolve it.") (*citing Pinney Dock & Trans. Co. v. Penn Central Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988)).

The United States' contention that this intermediate court lacks jurisdiction over the three issues mounted by Page in his subject second appeal, because Page had appealed only from the district court's March 5, 2001 order amending the judgment to reduce his sentence from "360 months" to "240 months" of penal confinement, whereas he failed to notice a subsequent appeal from the district court's March 13, 2001 formal written order denying Page's motion to dismiss the indictment, was ill formulated. "[W]here a notice of appeal specifies a particular order, only the specified issues related to that order may be raised on appeal." *Caldwell v. Moore*, 968 F.2d 595, 598 (6th Cir.1992). *See also United States v. Glover*, 242 F.3d 333, 335 (6th Cir.2001) (directing that Fed. R.App. P. 3(c) "limit[s] this Court's appellate review to issues designated in the notice of appeal."). However, by appealing from the district court's order which amended his judgment of sentence to 240 months, Page preserved the appellate court's jurisdiction to consider any properly-framed assault subsequently made by Page against that sentence in his timely-filed and otherwise proper appellant's brief. Accordingly, any faulted associated subordinate ruling by the district court which led to its imposition of a 240–month sentence, including its resort to the sentencing guidelines, its conclusion that the indictment against Page was not fatally defective, and its resolution that the implicated federal statutes did not violate the constitution, were embraced by Page's general appeal from his amended judgment of sentence. Assuming *arguendo* that the trial court's March 13, 2001 order was jurisdictionally permissible as a post-appeal lower court order entered "in aid of the appeal," *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir.1992), or under some other exception to the general rule that the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), a supplemental notice of appeal by Page from that order would have been a pointless formality, and a wasteful duplication of effort for both the federal public defender and the court clerk, given that Page had already appealed from the underlying judgment as amended by the March 5, 2001 order, which amendment had resulted, in part, from the trial court's prior bench ruling by which it had rejected the defendant's attacks against his re-sentencing. The trial court, in its written March 13, 2001 order, merely had belatedly developed an aspect of its rationale underlying that decision.

ponderance of the evidence for *any* sentencing purpose, including the computation of the defendant's Guidelines range; (2) the indictment against Page was averredly defective because it lacked *any* drug quantity charge; and (3) the federal drug offense statutory scheme is unconstitutional, because whereas the rights of due process and trial by jury purportedly demand that a predicate drug quantity "element" be charged in the indictment and proved to a jury beyond a reasonable doubt in *all* drug prosecutions, the extant federal statutory regime permits narcotics prosecutions and convictions *absent* any allegation of an implicated drug quantity.[4]

The appellant's initial assault, namely that *Apprendi* is violated whenever a trial judge makes *any* drug quantification finding by a preponderance of the evidence for *any* sentencing purpose, *including Guidelines sentencing purposes*, has been rejected by the Supreme Court in *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). In *Harris*, the Court authorized district judges to find a sentencing factor (in that case, possession of a firearm) by a preponderance of the evidence, when that factor *"increased the minimum penalty for a crime, though not beyond the statutory maximum[.]"*[5] *See id.* at 2410. (Citation omitted; emphasis added). The *Harris* Court explained that, unlike sentencing factors which raise the maximum penalty to which the defendant is exposed, "[t]he provisions before us now, however, have an effect on the defendant's sentence that is more consistent with traditional understandings about how sentencing factors operate; the required findings constrain, rather than extend, the sentencing judge's discretion." *Id.* at 2412–13. The *Harris* majority concluded that the implicated sentencing factor—possession of a firearm—"need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt." *Id.* at 2420.

The constitutional dichotomy which segregates an ostensible "sentencing factor"

---

4. Because Page's three subject challenges to his re-sentencing are purely legal, the factual background of his crime of conviction is irrelevant to his current appeal. That background is succinctly summarized in *Page 1*, 232 F.3d at 538–39.

5. Even prior to *Harris*, the Sixth Circuit had established that sentencing courts may find drug quantities by a preponderance of the evidence in order to determine the Guidelines sentencing range, as long as the resulting sentence did not exceed the statutory maximum range consonant with *Apprendi*. *See United States v. King*, 272 F.3d 366, 378 (6th Cir.2001) (sustaining a Guidelines sentence, determined by a judicial finding of drug quantity by a preponderance of the evidence, which exceeded the statutory mandatory minimum but which was less than the statutory maximum term), *cert. denied*, —— U.S. ——, 122 S.Ct. 2344, 153 L.Ed.2d 172 (2002); *United States v. Schulte*, 264 F.3d 656, 660 (6th Cir.2001) ("Here, Appellant concedes that the sentence of the district court did not exceed the statutory maximum for the crimes charged. Appellant, however, makes the novel argument that *Apprendi* also should apply to Guideline enhancements even where the statutory maximum is not exceeded, and that these enhancements are questions that should be decided by a jury, not a trial judge. The holding of *Apprendi*, however, does not remove this discretion from a district judge, and therefore, Appellant's argument is without merit."); *United States v. Garcia*, 252 F.3d 838, 843 (6th Cir.2001) (instructing that *Apprendi* "does not purport to apply to penalties in excess of any particular range or based on any particular offense level under the Sentencing Guidelines.").

In her August 5, 2002 "supplemental authority" letter to this reviewing court, the appellate lawyer for Page acknowledged that *Schulte* and other decisions "ruled that the sentencing guidelines were not impacted by *Apprendi*, and no error occurs by the use of the sentencing guidelines for sentencing purposes up to the statutory maximum if drug quantity is omitted from the indictment."

*which raises the statutory maximum penalty* and thus in reality is an element of the offense, from a true "sentencing factor" (including a Guidelines sentencing component such as drug quantity) *which merely restricts the trial court's discretion* within *the statutory sentencing range,* and thus may be judicially ascertained by a preponderance of the evidence, was reinforced by the Court in *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), wherein a majority of the Court commented:

> In *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524, a majority of the Court concludes that the distinction between elements and sentencing factors continues to be meaningful as to facts increasing the minimum sentence. See *ante,* at 2419 (plurality opinion) ("The factual finding in *Apprendi* extended the power of the judge, allowing him or her to impose a punishment exceeding what was authorized by the jury. [A] finding [that triggers a mandatory minimum sentence] restrain[s] the judge's power, limiting his or her choices within the authorized range. *It is quite consistent to maintain that the former type of fact must be submitted to the jury while the latter need not be.*").

*Id.* at 2441 n. 5. (Brackets in original; italics added).

After *Harris* and *Ring,* it is beyond peradventure that no *Apprendi* error contaminates a bench finding, by a preponderance of the evidence, of Guidelines sentencing factors, including narcotics quantification, which define a Guidelines sentencing range *within the proper statutory sentencing range* triggered by the crime of conviction.[6] See, e.g., *United States v. Lawrence,* 308 F.3d 623, 634 (6th Cir.2002) ("we have squarely held that *Apprendi* does not apply to the Guidelines") (*citing United States v. Garcia,* 252 F.3d 838, 843 (6th Cir.2001)); see also *United States v. Samuels,* 308 F.3d 662, 671–72 (6th Cir.2002); *United States v. Chapman,* 305 F.3d 530, 534–36 (6th Cir. 2002). In the case *sub judice,* Page has *not* attacked the sentencing court's attribution to him of at least 1.5 kilograms of crack *as unsupported by a preponderance of the evidence;* rather, his assault against his Guidelines calculation rested solely upon his misconceived contention that the court should not, as a matter of law, have made a drug quantity finding for *any* sentencing purpose, including Guidelines purposes.

■ Accordingly, Page's argument that he should have been sentenced with reference to U.S.S.G. § 2D1.1(c)(14), which yields an offense level of 12 for the smallest detectable amount of cocaine base (and which, when matched with his criminal history category VI, would generate a Guidelines range of 30 to 37 months in federal custody, see U.S.S.G. § 5A), lacked legal foundation. The trial court had not erred by computing the defendant's of-

---

**6.** Via his counselor's briefs, Page had touted *United States v. Flowal,* 234 F.3d 932 (6th Cir.2000) and *United States v. Ramirez,* 242 F.3d 348 (6th Cir.2001), both of which had extended *Apprendi* to forbid the imposition of a mandatory minimum sentence incited by a fact ascertained by the presiding judge by a preponderance of the evidence, even if the resulting incarceration term did *not* exceed the statutory maximum. However, in light of the Supreme Court's clarifying pronounce-ments in *Harris,* evolved above, the Sixth Circuit has expressly overruled *Flowal, Ramirez,* and additional similar precedents, on the rationale that those earlier pronouncements of law by this circuit conflict with *Harris* and thus have been superseded. See *United States v. Leachman,* 309 F.3d 377, 381–83 (6th Cir. 2002); *United States v. Lawrence,* 308 F.3d 623, 635 (6th Cir.2002); *United States v. Chapman,* 305 F.3d 530, 536 (6th Cir.2002).

fense level (38) under the Guideline's Drug Quantity Table by reason of his "proved-by-a-preponderance-of-the-evidence" involvement with more than 1.5 kilograms of crack cocaine, see U.S.S.G. § 2D1.1(c)(1); nor had that court erred in its Guidelines calculus which produced a sentencing range of thirty years (360 months) to life under U.S.S.G. § 5A (the Sentencing Table) by coupling an offense level of 38 with a criminal history category of VI. Because Page's Guidelines range justified a minimum sentence of thirty years, but his statutory maximum penalty was twenty years (as determined by the circuit court in *Page I,* which the government has not contested), no sentencing error tainted his twenty-year sentence.

■ Second, Page's contention that the absence, from the implicated indictment, of any allegation of a specific "elemental" crack cocaine quantity rendered that indictment fatally defective, and thus deprived the federal courts of subject matter jurisdiction over the instant prosecution, has also been dismissed by controlling Supreme Court and Sixth Circuit precedent. *See United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1784–85, 152 L.Ed.2d 860 (2002) (rejecting the argument that the absence of a drug quantity allegation from a narcotics offense indictment constitutes a jurisdictional defect);[7] *United States v. Stewart,* 306 F.3d 295, 310 (6th Cir.2002) ("The government's failure to allege a drug quantity does not render a drug distribution indictment constitutionally infirm."); *id.* at 320–21 ("it is now settled that the omission of the element of drug quantity from the indictment did not deprive the district court of subject matter jurisdiction over the cases now before us.") (*citing Cotton,* 122 S.Ct. at 1784). Because Page's

indictment was treated as having charged him with the smallest measurable amount of cocaine base for "elemental" purposes, any technical error which inhered in the absence of an expressed elemental amount of that narcotic was substantively harmless. *Cotton,* 122 S.Ct. at 1785–87; *Stewart,* 306 F.3d at 321–23.

Third, and finally, the defendant's constitutional challenge to the federal narcotics prosecution and sentencing system codified in 21 U.S.C. § 841, which he has anchored in the averment that narcotics defendants convicted and sentenced thereunder are deprived of due process and trial by jury rights because the faulted statute authorizes narcotics convictions absent any "elemental" charge or jury finding regarding quantity, and further authorizes sentences based on drug quantification by the trial court by a preponderance of the evidence, has also been overruled by the Sixth Circuit. *United States v. Martinez,* 253 F.3d 251, 256 n. 6 (6th Cir.2001) (ruling that "[w]e decline Appellants' invitation to find that 21 U.S.C. § 841 is unconstitutional in light of the Supreme Court's decision in *Apprendi.* Appellants argue that the drug statute is unconstitutional because Congress intended for drug quantity to be a sentencing factor; whereas, *Apprendi* requires drug quantity to be submitted to the jury for proof beyond a reasonable doubt.... Rather, *Apprendi* only requires those sentencing factors that increase the penalty *beyond the statutory maximum* to be submitted for proof beyond a reasonable doubt."). (Emphasis in original).

Page, through counsel, has conceded that *Martinez* is fatal to his constitutional claim, but has requested that this reviewing panel reconsider that legal mandate in

---

7. In her August 5, 2002 "supplemental authority" letter to the court, the appellate attorney for Page conceded that, in *Cotton,* "the

United States Supreme Court noted that an omission of an element [from an indictment] does not render a court without jurisdiction."

light of a conflicting Ninth Circuit decision. However, the defendant's request cannot be accommodated, "because a subsequent panel of this circuit court is powerless to revisit, modify, amend, abrogate, supersede, set aside, vacate, avoid, nullify, rescind, overrule, or reverse any prior Sixth Circuit panel's published precedential ruling of law." *United States v. Dunlap*, 209 F.3d 472, 481 (6th Cir.2000).

In any event, *Martinez* is unassailable after the Supreme Court's interceding dictates in *Harris* and *Ring*, evolved above, which mandated that judicial findings, made by a preponderance of the evidence, of sentencing factors which restrict the sentencing court's discretion within the statutory sentencing range, but which do not elevate the maximum penalty to which the defendant is exposed (which may be the "default" statutory maximum provision for an *uncharged* amount of narcotics), do not impinge the constitution. Likewise, the result in *Martinez* is compelled by the logic of the Supreme Court's mandate in *Cotton, supra*, which posited that a "narcotics quantity" allegation is not an essential element in every indictment charging a narcotics offense; rather, in indictments lacking a drug quantity allegation, the "elemental" controlled substance quantity will be deemed the smallest amount prosecutable under the controlling statute.

This reviewing court has carefully and thoroughly studied the lower court's amended judgment, the record below, the briefs and arguments of counsel, and the controlling legal authorities, and concludes that no prejudicial error ("plain" or otherwise) has tainted Page's amended judgment of conviction and sentence. Accordingly, the defendant's amended judgment of conviction and sentence is AFFIRMED.