**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Harvey E. PAGE, Defendant–Appellant.**

No. 03–5605.

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2003.

D.R. Smith, Asst. U.S. Attorney, U.S. Attorney's Office, Johnson City, TN, for Plaintiff–Appellee.

Harvey E. Page, U.S. Penitentiary, Atlanta, GA, for Defendant–Appellant.

Before GUY and GILMAN, Circuit Judges; and REEVES, District Judge.*

*ORDER*

This pro se federal prisoner appeals a district court judgment denying his motion to modify sentence filed pursuant to Fed. R.Crim.P. 35. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Harvey E. Page, Jr., pleaded guilty to conspiring to distribute and possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Page to thirty years of imprisonment pursuant to § 841(b)(1). This court vacated Page's sentence and remanded for resentencing in light of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Following remand, the district court sentenced Page to twenty years of imprisonment. This court affirmed Page's amended judgment of conviction and sentence on appeal. *United States v. Page,* No. 01–5333, 2003 WL 68150, at *4, 58 Fed.Appx. 79 (6th Cir. Jan. 7, 2003).

Thereafter, Page moved the district court pro se for reduction of his sentence under Fed.R.Crim.P. 35 and claimed that his amended sentence was illegal in light of this court's decision in *United States v. Rebmann,* 321 F.3d 540 (6th Cir.2003).

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

The district court noted that Page's twenty-year sentence had been affirmed on appeal and denied Page's Rule 35 motion. Page appeals that judgment and reasserts that his amended sentence is illegal in light of *Rebmann.*

Upon review, we conclude that the district court properly denied Page's motion for a reduction of sentence. In his motion, Page relied on Fed.R.Crim.P. 35. Whether the district court had the authority to modify Page's sentence is a question of law subject to de novo review. *United States v. Ross,* 245 F.3d 577, 585 (6th Cir.2001).

The authority of a district court to resentence a defendant is limited by statute. Title 18 U.S.C. § 3582(c)(1)(B) provides that the district court may not modify a term of imprisonment once it has been imposed except that the court may modify an imposed sentence of imprisonment to the extent otherwise expressly permitted by statute or by Fed.R.Crim.P. 35. Only two other statutory exceptions modify the general rule expressed in 18 U.S.C. § 3582 that a district court may not modify a term of imprisonment once the same has been imposed. Upon the issuance of relief under 28 U.S.C. § 2255, a resentencing may occur. Similarly, under 28 U.S.C. § 2106, upon remand from a court of appeals or the Supreme Court to the district court, a resentencing is authorized by law. *Ross,* 245 F.3d at 586. Page does not contend that either of those statutory provisions applies.

Rule 35 is not applicable to this case. Rule 35 permits a district court to correct or reduce a sentence only if it has been determined on appeal that a sentence has been imposed in violation of law or as a result of an incorrect application of the Sentencing Guidelines (Rule 35(a)), or where the government requests a reduction in sentence (Rule 35(b)). *United States v. Martin,* 913 F.2d 1172, 1177 (6th Cir.1990). Page's amended sentence was affirmed on appeal. *Page,* No. 01–5333, 2003 WL 68150, at *4. Thus, Rule 35 does not provide authority for Page to file a motion seeking a change in or correction of his sentence. *See United States v. Early,* 27 F.3d 140, 141 (5th Cir.1994). The district court properly denied Page's motion.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. All outstanding motions are also hereby denied.