RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0068P (6th Cir.)
File Name: 03a0068p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
          *Plaintiff-Appellant,*

          *v.*                                    No. 01-5610

NANCY JO REBMANN,
          *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 97-00050—Thomas G. Hull, District Judge.

Argued: December 12, 2002

Decided and Filed: March 4, 2003

Before: MERRITT and DAUGHTREY, Circuit Judges;
RUSSELL, District Judge.[*]

---

## COUNSEL

**ARGUED:** Dan R. Smith, ASSISTANT UNITED STATES ATTORNEY, Johnson City, Tennessee, for Appellant. Nikki C. Pierce, FEDERAL DEFENDER SERVICES OF

---

[*]The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

EASTERN TENNESSEE, Greeneville, Tennessee, for Appellee. **ON BRIEF:** Dan R. Smith, ASSISTANT UNITED STATES ATTORNEY, Johnson City, Tennessee, for Appellant. Nikki C. Pierce, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, Greeneville, Tennessee, David F. Ness, FEDERAL DEFENDER'S OF MONTANA, Great Falls, Montana, for Appellee.

————————

## OPINION

————————

MERRITT, Circuit Judge. The question before us is whether the government may convert a defendant's plea of guilty to only the distribution of 1/1000th of an ounce of heroin into a homicide case by asserting that the defendant's husband died from an overdose of heroin she sent him. We conclude that the district court was correct in sentencing the defendant to 30 months and rejecting the government's proposed sentence of 20 years for homicide.

I.

Nancy Jo Rebmann, the defendant in this case, pled guilty to distribution of heroin, a schedule I controlled substance, in violation of 21 U.S.C. § 841(a) and (b)(1)(C).[1] The agreed factual basis incorporated into the plea agreement established that on February 6, 1997, she mailed a letter containing 0.036

---

[1] Subsection (a) of § 841 sets out the basic crime of distribution of a controlled substance: "[I]t shall be unlawful for any person knowingly or intentionally to...distribute...or possess with intent to...distribute...a controlled substance." 21 U.S.C. § 841(a)(1). Subsection (b) sets out the penalties for a violation of subsection (a), with subparagraph (C) providing in relevant part that "[i]n the case of a controlled substance in schedule I...such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results form the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life." *Id.* § 841(b)(1)(C).

grams (or 0.0013 ounces) of black tar heroin from California to her estranged husband, Leonard Rebmann, in Johnson City, Tennessee. At sentencing, the government introduced evidence intended to show that Mr. Rebmann's subsequent death resulted from the defendant's distribution of the heroin. Applying the penalty provisions set forth in § 841(b)(1)(C) of the statute and U.S.S.G. § 2D1.1(a)(2), the district court found by a preponderance of the evidence that Mr. Rebmann's death resulted from the distribution and sentenced the defendant to 292 months imprisonment. On appeal, a panel of this Court held that under the Supreme Court's reasoning in the recent cases of *Jones*,[2] *Castillo*,[3] and *Apprendi*,[4] the "if death results" provision of subparagraph (b)(1)(C) of the statute is not a mere sentencing factor applicable to the core crime of distribution set forth in § 841(a), but rather constitutes an element of a separate crime (distribution resulting in death) that must be proved beyond a reasonable doubt. *United States v. Rebmann*, 226 F.3d 521, 524-25 (6th Cir. 2000). Because the defendant in this case had been sentenced beyond the 20-year maximum term of imprisonment allowable under § 841(b)(1)(C) based solely on the trial judge's finding by a preponderance of the evidence that death resulted from the crime, this Court vacated the sentence and remanded the matter "for a determination whether Leonard Rebmann's death was caused by the distribution of heroin beyond a reasonable doubt." *Id.* at 525.

On remand, the government withdrew its request for a death enhancement based on § 841(b)(1)(C). It continued, however, to pursue a death enhancement pursuant to U.S.S.G. § 2D1.1(a)(2), arguing that the district court could sentence the defendant to the maximum allowable sentence of 20 years in prison based on the determination made at the initial

---

[2] *Jones v. United States*, 526 U.S. 227 (1999).

[3] *Castillo v. United States*, 530 U.S. 120 (2000).

[4] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

sentencing hearing using the lower preponderance of the evidence standard. The district court disagreed and, with a view to carefully following this Court's mandate, held a bench trial narrowly limited to the question whether Mr. Rebmann's death resulted from the distribution of the heroin. After hearing additional evidence on the matter, the district court found that the government had failed to prove beyond a reasonable doubt that Mr. Rebmann's death resulted from the distribution.

Upon resentencing, the district court rejected the government's continued argument that the "if death results" provision of U.S.S.G. § 2D1.1(a)(2) could nevertheless be applied under the lower preponderance of the evidence standard applicable to sentencing factors to enhance the defendant's sentence up to the 20-year statutory maximum under § 841(b)(1)(C). The district court found the government's position to be "clearly contrary to the mandate set out by the Sixth Circuit in this case" because "[t]he Sixth Circuit found in Rebmann's case on appeal that 'if death results' is an element of the offense, and not a sentencing enhancement that could be shown by a preponderance of the evidence." (Dist. Ct. Order, Apr. 26, 2001, J.A. at 12.) Based on a total offense level of 10 and a criminal history category of VI, the district court determined that the defendant's guideline range was 24-30 months. In light of the fact that she had already served more than 30 months in prison, the district court sentenced the defendant to time served. The government now appeals, contending that the district court erred in refusing to consider the fact of death resulting as a sentencing factor and apply the "enhancement" pursuant to § 2D1.1(a)(2) of the Guidelines.

## II.

Section 2D1.1(a) directs the sentencing court to apply the greatest of three base offense levels, depending on the facts established by the "offense of conviction":

(1) 43, if the defendant is convicted under [21 U.S.C. § 841(b)(1)(C)] and *the offense of conviction establishes*

*McMillan*, *Jones*, and *Harris* alone justify the district court's, and this court's, refusal to find the defendant guilty of and sentence her for a homicide under the guise of a guilty plea to the distribution of a very small quantity of drugs. Finally, *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002), has clearly reemphasized the necessity for courts to distinguish sharply between elements of a crime requiring the full panoply of due process protections and mere sentencing facts that avoid the rigors of due process. In light of *Ring*, courts which have allowed the two to be merged must reconsider their position.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

convicted." *United States v. Pressler*, 256 F.3d 144, 157 n.7 (3d Cir. 2001). Under this reasoning, and our holding that the "if death results" provision in § 841(b)(1)(C) is an element, a defendant convicted of a violation of § 841(a) absent a finding beyond a reasonable doubt that death resulted from the distribution would not be eligible for the enhancement under § 2D1.1 of the Guidelines. *See id.* We note that upon questioning at oral argument in this case, counsel for the government could not articulate any authority for the proposition that the term "offense of conviction" means anything other than its plain and literal meaning.

There is no dispute that in the present case, the stipulated facts underlying the defendant's plea of guilty to a charge of violating § 841(a) and (b)(1)(C) establish only that she distributed a particular amount of heroin; they do not establish that death resulted from the use of the heroin. Further, the district court expressly concluded that the government had failed to prove beyond a reasonable doubt that Mr. Rebmann's death resulted from the distribution. Thus, by the express "offense of conviction" language of the Guidelines, the defendant is not eligible for the enhancement under § 2D1.1(a)(2). As a result, the district court did not err in refusing to apply it.

To hold otherwise would allow the sentence to be increased seven fold – from 30 months to 20 years – by using as a sentencing enhancement the element of a more serious crime. Such a sentence raises the due process problem referred to colorfully in *McMillan v. Pennsylvania*, 477 U.S. 79, 88 (1986), as the sentencing enhancement "tail which wags the dog of the substantive offense"; referred to in *Jones*, 526 U.S. at 233, as a sentencing enhancement the Supreme Court doubted that Congress would have intended to be contingent on judicial factfinding where "steeply higher penalties" resulted from the presence of a particular fact; and referred to in *Harris v. United States*, 122 S. Ct. 2406, 2412 (2002), as a sentencing factor that steeply "altered the defendant's punishment in a manner not usually associated with sentencing factors." The due process admonitions in

that death or serious bodily injury resulted from the use of the substance and that the defendant committed the offense after one or more prior convictions for a similar offense; or (2) 38, if the defendant is convicted under [21 U.S.C. § 841(b)(1)(C)] and *the offense of conviction establishes* that death or serious bodily injury resulted from the use of the substance; or (3) the offense level specified in the Drug Quantity Table set forth in subsection (c) below. (Emphasis added.)

U.S.S.G. § 2D1.1(a). According to the government, the district judge should have applied subsection (2) to find by a preponderance of the evidence that Mr. Rebmann's death resulted from the distribution in order to enhance the defendant's sentence up to, but not exceeding, the 20-year maximum sentence otherwise applicable for the offense charged and to which the defendant pled guilty.

We agree with the district court that the government's position is "clearly contrary" to our previous mandate. The "if death results" provision of 21 U.S.C. § 841(b)(1)(C) is an element that must be proven beyond a reasonable doubt; it is not a sentencing factor to be determined by the sentencing judge by a preponderance of the evidence. Despite this ruling, the government in this case pursues the death resulting enhancement as "relevant conduct" under the Guidelines appropriately considered by the trial court judge under a preponderance of the evidence standard. *See United States v. Watts*, 519 U.S. 148, 117 S. Ct. 633, 636 (1997) (reaffirming general principle that facts, even elements of a more serious crime, not proven beyond a reasonable doubt may be proven at sentencing by a preponderance of the evidence to enhance a defendant's sentence within the prescribed statutory range "because of the manner in which [the defendant] committed the crime of conviction") (citing *Witte v. United States*, 515 U.S. 389, 395 (1995)); *see also* U.S.S.G. § 1B1.3 & commentary, backg'd ("Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range."). According to the government, even if the fact of

death resulting is not proven as an element subjecting the defendant to a 20-year minimum, it may yet serve as the basis for an "enhancement" for relevant conduct up to the 20-year maximum.[5]    In essence, the government suggests that, because the resulting sentence must be forced within the maximum statutory range under *Apprendi*, the fact of death resulting simply changes from an element under § 841(b)(1)(C) triggering the minimum sentence to a sentencing factor under U.S.S.G. § 2D1.1.[6]    But a careful reading of the express language of § 2D1.1(a), along with other provisions and explanations contained in the Guidelines Manual, convinces us that the death-resulting sentencing enhancement set forth in that provision is not based on relevant offense conduct to be determined by a preponderance of the evidence, but rather is tied expressly to the substantive

---

[5] A base level of 38 corresponds to 235-293 months (or roughly 20 to 24 years).  The government asserts that the applicable guideline range for the defendant is 292-365 months (level 38, less 3 levels for acceptance of responsibility, with a criminal history category VI), which at the very outset falls several years outside the statutory maximum. *See* U.S.S.G. ch. 5 pt. A (Sentencing Table).  Applying *Apprendi*, the sentence would simply be capped in this case at twenty years as the maximum sentence for the offense to which the defendant pled guilty.  *Id.* § 5G1.1.

[6] Decisions from other circuits upholding death resulting enhancements under § 2D1.1 do so by looking retrospectively at the actual sentence imposed. *See, e.g.*, *United States v. Rodriguez*, 279 F.3d 947, 949-51 (11th Cir. 2002) (concluding that there was no *Apprendi* error under 21 U.S.C. § 841(b)(1)(C) when the enhancement for resulting death was found by only a preponderance of the evidence because the twenty-year sentence imposed did not exceed the maximum sentence authorized under § 841(b)(1)(C) for a heroin offense without reference to "death or serious bodily injury."); *United States v. McIntosh*, 236 F.3d 968, 976 (8th Cir. 2001) (where the district court enhanced the defendant's sentence under § 841(b)(1)(A) after finding by a preponderance of the evidence that "death or serious bodily injury" had resulted, holding that *Apprendi* did not apply because the defendant was sentenced to twenty years imprisonment, which is the authorized maximum sentence under § 841(b)(1)(C) without any enhancement); *United States v. Cathey*, 259 F.3d 365, 368 (5th Cir. 2001) (upholding twenty-year sentence under § 841(b)(1)(C) upon judge's finding that death resulted from distribution of heroin).

---

offense of conviction under the statute.  As a result, under our previous holding in this case, the death resulting enhancement applies only when the elemental facts supporting the "offense of conviction" establish beyond a reasonable doubt that death resulted from the use of the controlled substance.

Section 2D1.1(a) provides that the base offense level is 38 "if the defendant is convicted under [21 U.S.C. § 841(b)(1)(C)] and *the offense of conviction* establishes that death or serious bodily injury resulted from the use of the substance."    U.S.S.G. § 2D1.1(a)(2) (emphasis added). Although the term "offense of conviction" is not defined under the definitions section of the Guidelines, other provisions make clear that the term "offense of conviction" describes only the precise conduct constituting the crime for which the defendant was convicted, and does not include non-offense relevant conduct.  *See, e.g.*, U.S.S.G. § 1B1.2(a) (as the first step in applying the basic rules for determining the guidelines applicable to the offense conduct, directing the court to "[d]etermine the offense guideline section in Chapter Two (Offense Conduct) applicable to the offense of conviction (*i.e.*, the offense conduct charged in the count of the indictment or information of which the defendant was convicted); *id.* § 1B1.1 application note (1)(k) (indicating that "offense of conviction" does not include relevant conduct by defining "offense" as "the offense of conviction and all relevant conduct under § 1B1.3").  Moreover, the commentary to § 2D1.1 explains that the base offense levels set forth in that section are provided by the statute itself:  "The base offense levels in § 2D1.1 are either provided directly by the Anti-Drug Abuse Act of 1986 or are proportional to the levels established by statute . . . ."  *Id.* § 2D1.1 commentary, backg'd.

This is the view taken in an opinion from the Third Circuit, in which Judge Becker carefully examines the various provisions of the Sentencing Guidelines and concludes in *dictum* that "several factors lead us to believe that the phrase ["offense of conviction"] includes only the facts underlying the specific criminal offense for which the defendant was