NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 25, 2011
Decided June 7, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 10-1363

| | |
|---|---|
| ARYULES BIVENS, | Appeal from the United States District |
| *Petitioner-Appellant*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 1:00-cv-07327 |
| DAVE REDNOUR, | |
| *Respondent-Appellee*. | Joan B. Gottschall, |
| | *Judge*. |

**O R D E R**

Illinois prisoner Aryules Bivens was convicted of escaping from jail. He petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his trial counsel provided ineffective assistance. The district court denied his petition. Because Bivens' claim is procedurally defaulted and lacks merit, we affirm.

In 1984 Bivens was serving a life sentence for murder and armed robbery and awaiting trial on another armed robbery charge when he and five other inmates—Brian Daniels, Raymond Greer, Gregory Hill, Jerry Mahaffey, and Reginald Mahaffey—attempted to escape from Cook County Jail. The six inmates ordered jail officers at gunpoint to remove their uniforms, which the inmates donned as they tried to make their way to the outside.

Bivens and Hill succeeded, using officers' identification to pass through two security gates. Freedom was short-lived, however—Bivens was caught four days later. In 1985 an Illinois jury convicted him of intentionally escaping from a penal institution as a felon (along with 10 counts of armed robbery not at issue here).

Bivens testified at trial and, as an affirmative defense, raised the theory of "compulsion," contending that he had no choice but to participate in the escape. He said that the other inmates coerced his participation in the early stages of the escape because of his familiarity with the jail's underground tunnels. As the attempt unfolded, he said, he decided to escape rather than surrender because he feared retaliation from the officers. The jury rejected those arguments, however, and Bivens ultimately received a seven-year prison term for his escape, consecutive to his existing life sentence.

He then filed a post-conviction petition, claiming among other things that his trial counsel was ineffective for failing to investigate and call four of the inmates as witnesses; their testimony, he argued, would have corroborated his testimony on the issue of compulsion and put reasonable doubt in the jurors' minds. The trial court denied the petition, the Illinois Appellate Court affirmed, and the Illinois Supreme Court denied Bivens' petition for leave to appeal.

In 2000 Bivens petitioned the district court for a writ of habeas corpus, claiming that he was innocent and that his trial counsel was ineffective for failing to investigate or present exculpatory testimony from the other inmates who tried to escape. He asserted in an affidavit that he escaped unwillingly, under threat from the other inmates at gunpoint, and denied having a weapon during the escape or forcing officers to remove their uniforms. Bivens also attached an affidavit from Daniels, who said that he and Hill planned the escape, that Bivens was forced to take part but played no role in the planning, and that he—Daniels—forced Bivens at gunpoint to don an officer's uniform. Bivens later provided an affidavit from Greer, who also said that Bivens was forced at gunpoint to participate, and said that Bivens did not threaten or harm any members of the jail staff. The district court appointed counsel for Bivens and later granted him leave to conduct discovery to obtain evidence to support his petition.

During discovery the parties learned that the state trial court had lost the transcript of Bivens' 1985 jury trial. The state managed, through stenographer's notes, to reconstruct transcripts for three days of the five-day trial and for Bivens' sentencing. The district court ordered the state to produce a narrative summary of the missing days—comprising the defense's case-in-chief, jury instructions, and closing arguments—but the state was unable to do so; the trial judge, the prosecution, and defense attorneys all were unable to recall or

locate notes of the defense witnesses' testimony 22 years earlier. With no apparent alternatives, the court elected to proceed with the incomplete trial record.

In December 2008 the district court denied Bivens' petition, concluding that he had procedurally defaulted his ineffective-assistance claim by not raising it in the Illinois courts on direct appeal. The court also found that the uncorroborated affidavits of Daniels and Greer were not reliable evidence of actual innocence to excuse Bivens' default, and that Bivens had not argued that his default should be excused for cause and prejudice.

In January 2009 Bivens filed a pro se motion to reconsider—after which his appointed counsel withdrew as his attorney—arguing that he *had* shown actual innocence to excuse any procedural default, and that the depositions of Daniels and Greer supported his innocence. He also asserted that his earlier filings raised a cause-and-prejudice argument. And Bivens sought a certificate of appealability, arguing that it was improper for the district court to deny his petition when the state was unable to provide a complete trial record.

In September 2009 the district court denied Bivens' motion to reconsider, but for reasons different than those in its December 2008 ruling. The court found that Bivens had not procedurally defaulted ineffective-assistance his claim, but ruled that he could not establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), because Daniels' and Greer's accounts of the escape were "inconsistent in numerous respects, both major and minor," and Hill's testimony that Bivens was not forced to participate in the escape and helped to plan it "would have torpedoed [Bivens'] defense entirely." The court concluded that the evidence was "simply insufficient to tip the scales in a way that undermines confidence in the outcome of the trial." In denying the motion to reconsider, the court also granted a certificate of appealability as to whether it "appropriately denied relief under *Strickland*," given the incomplete record of Bivens' trial. In response to another request from Bivens for a certificate of appealability, the court later amended the certificate to include his ineffective-assistance claim.

We dismissed Bivens' untimely appeal from the denial of his motion to reconsider but construed his January 2009 request for a certificate of appealability as a timely notice of appeal. *Bivens v. Gaetz*, No. 09-3827 (7th Cir. Jan. 20, 2010). This appeal followed, and we appointed counsel to represent Bivens.

At the outset, the state suggests that we may not have jurisdiction over the district court's denial of Bivens' motion to reconsider—and thus might not be able to consider the discovery evidence provided to the district court before its decision—because we dismissed Bivens' appeal from that denial. But we treated Bivens' first request for a certificate of

appealability as a notice of appeal, *see Bell v. Mizell*, 931 F.2d 444, 444-45 (7th Cir. 1991), which did not become effective until the district court disposed of Bivens' pending motion to reconsider, *see* FED. R. APP. P. 4(a)(4); *United States v. Powers*, 168 F.3d 943, 947-48 (7th Cir. 1999). Therefore we may consider the district court's denial of Bivens' motion to reconsider.

The state also challenges the district court's determination that Bivens' ineffective-assistance claim was not procedurally defaulted, arguing that the Illinois Appellate Court rejected the claim on procedural grounds when it denied his post-conviction petition.[1] If a state court rejects a prisoner's federal claim on adequate and independent state procedural grounds, then the claim is procedurally defaulted, and a federal court must normally refrain from addressing it when reviewing the prisoner's petition for habeas corpus. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Gray v. Hardy*, 598 F.3d 324, 327-28 (7th Cir. 2010). A petitioner's failure to comply with a state procedural rule gives a state court an adequate basis for rejecting a claim if doing so is an established, regularly-followed practice. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991); *Johnson v. Thurmer*, 624 F.3d 786, 789 (7th Cir. 2010). And a procedural rule provides an independent basis for rejecting a claim if the state court expressly relies on the rule. *See Harris v. Reed*, 489 U.S. 255, 260-65 (1989); *Johnson*, 624 F.3d at 789.

The state is correct in this case, because the Illinois Appellate Court did rely expressly on a procedural rule to deny Bivens' post-conviction petition, leaving his claim defaulted. The appellate court agreed with both of the state's arguments. The appellate court first agreed with the state's waiver argument: "Because petitioner did not raise the issue of ineffective assistance of trial counsel on direct appeal, he has waived this issue for review." Bivens' failure to comply with a state procedural requirement was an adequate and independent basis for the court's rejection of his claim. *See Smith v. Gaetz*, 565 F.3d 346, 351 (7th Cir. 2009). The appellate court then agreed, alternatively, that Bivens was not entitled to relief on the merits. Citing *Strickland*, the appellate court explained that decisions involving trial strategy generally do not support claims of ineffective assistance. Furthermore, the court noted, Bivens did not attach any supporting evidence to his petition,

---

[1] Bivens argues that the state may not raise the issue of procedural default on appeal. The state could have raised the issue, he says, only in an appeal of the district court's order denying his motion to reconsider. Bivens cites *United States v. Am. Ry. Express Co.*, 265 U.S. 425, 435 (1924), which says that "a party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought there by the appeal of the adverse party." But it is well-established—indeed, recognized in *Am. Ry. Express* itself—that an appellee need not cross-appeal to put forth in support of the judgment an argument that the court below rejected. *See, e.g., id.*; *Truhlar v. U.S. Postal Serv.*, 600 F.3d 888, 892 (7th Cir. 2010).

even though state law required him to do so, *see* 725 ILCS 5/122-2, and thus could not show that he was denied effective assistance of trial counsel.

Because the Illinois Appellate Court analyzed his claim on its merits, Bivens argues that it did not expressly rely on procedural rules. The appellate court's *Strickland* analysis, he says, was "central" to its decision. But that argument ignores the appellate court's earlier conclusion that Bivens waived his claim. The court's merits disposition was only an alternative holding; we still honor the adequate and independent determination regarding waiver, which leaves Bivens' claim procedurally defaulted. *See Harris*, 489 U.S. at 264 n.10; *Moore v. Bryant*, 295 F.3d 771, 775 (7th Cir. 2002).

We could excuse Bivens' procedural default and consider his claim if he could show cause for the default and prejudice resulting from it, or if he could show that the claimed constitutional violation probably resulted in his conviction despite his actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995); *Coleman*, 501 U.S. at 750; *Smith v. McKee*, 598 F.3d 374, 387 (7th Cir. 2010). But Bivens does not contend that his default should be excused, and thus has waived any such argument. *See United States v. Clinton*, 591 F.3d 968, 971 (7th Cir. 2010); *O'Neal v. City of Chicago*, 588 F.3d 406, 409 (7th Cir. 2009).

Even if we could somehow overlook his procedural default, Bivens would not prevail on the merits. Under *Strickland*, Bivens had the burden of rebutting the "strong presumption" that his counsel provided sound representation. 466 U.S. at 689-90. But because he provided the appellate court with no evidence to support his claim and overcome that presumption, we would not conclude—with or without the existence of a complete transcript of his trial—that the Illinois Appellate Court's decision was contrary to *Strickland* or an unreasonable application of it. *See* 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011).

We **AFFIRM** the judgment of the district court.