In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-1496

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEAN C. LAWLER,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 08-CR-197-14-JPS — **J.P. Stadtmueller**, *Judge.*

ARGUED DECEMBER 16, 2015 — DECIDED MARCH 16, 2016

Before MANION, KANNE, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Jean Lawler pleaded guilty to distributing heroin and conspiring to possess heroin with the intent to distribute it. The district court found, by a preponderance of the evidence, that Lawler sold the heroin that killed one of the conspiracy's customers. On that basis, in determining Lawler's Guidelines-recommended sentence, the court followed U.S.S.G. § 2D1.1(a)(2), which applies if "the offense of conviction establishes that death … resulted

from the use of the [heroin]." That was erroneous. Lawler's "offense of conviction"—distributing heroin and conspiring to possess heroin with the intent to distribute it—does not "establish" that a death resulted. Therefore, we vacate Lawler's sentence and remand.

## I. BACKGROUND

The facts of this case were fully described in *United States v. Walker*, 721 F.3d 828, 831–33 (7th Cir. 2013). Relevant here, Lawler was charged along with thirty other defendants in a single-count indictment that described a large-scale heroin-distribution conspiracy that led to the overdose deaths of five people. "Lawler was a low-level member of the conspiracy" who "purchased relatively small quantities of heroin … to resell to others and for personal use." *Id*. at 831.

Lawler pleaded guilty to distributing heroin and conspiring to possess heroin with the intent to distribute it, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. The applicable statutory sentencing range is 10 years to life. 21 U.S.C. § 841(b)(1)(A). The statutory minimum is increased to 20 years if death results from the use of the heroin. *Id*. The Sentencing Guidelines also recommend a longer sentence when death results, increasing the base offense level if "the offense of conviction establishes" that death resulted. U.S.S.G. § 2D1.1(a)(2).

Lawler's plea agreement stated that the government would argue that Lawler was subject to both the 20-year statutory minimum and the increased base offense level because she sold the heroin that led to a particular death—that of Jeffrey Topczewski. Lawler disagreed and reserved her right to contest those issues. At sentencing, the district court found, by a preponderance of the evidence, that Lawler sold the heroin that killed Topczewski, so it applied the 20-year

statutory minimum. We affirmed because the court's find-ing—applying a preponderance-of-the-evidence standard—was supported by sufficient evidence. *See Walker*, 721 F.3d at 841–42. The Supreme Court vacated Lawler's sentence in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which held that any fact that increases the statutory minimum sen-tence must be found beyond a reasonable doubt. *Lawler v. United States*, 134 S. Ct. 2287 (2014) (mem.).

On remand, the government conceded that the 20-year statutory minimum did not apply because it had not been proven beyond a reasonable doubt that Lawler sold the her-oin that killed Topczewski. But the government maintained that Lawler's base offense level should be 38, under U.S.S.G. § 2D1.1(a)(2). The district court agreed. That decision had a significant consequence: Lawler's Guidelines-recommended range soared from 15–21 months to 168–210 months. In part due to her substantial assistance to the government, *see* 18 U.S.C. § 3553(e); U.S.S.G. § 5K1.1, Lawler was sentenced to 98 months in prison.

## II. ANALYSIS

Lawler's argument is simple: she was not *convicted* of causing Topczewski's death, so § 2D1.1(a)(2)—which by its text applies only when the "offense of conviction establish-es" that death resulted—does not apply. We review the dis-trict court's interpretation of the Guidelines de novo. *United States v. Woolsey*, 535 F.3d 540, 549 (7th Cir. 2008).

The first part of Lawler's argument—that she was not convicted of causing Topczewski's death—is certainly cor-rect. It is true that Lawler's indictment referenced Topczewski's death. But that is also true of *thirty* other de-fendants who were charged in a single count describing a large-scale conspiracy that resulted in *five* deaths. We al-

ready held that the combination of this indictment and a plea of guilty (to distributing heroin and conspiring to possess heroin with the intent to distribute it) did not prove that any particular defendant was responsible for any particular death. *Walker*, 721 F.3d at 836–38; *see also id*. at 841–42 (discussing the evidence connecting Lawler to Topczewski's death, rather than drawing conclusions from the indictment and guilty plea). The government conceded that it did not prove beyond a reasonable doubt that Lawler caused Topczewski's death, and Lawler explicitly disputed that fact in her plea agreement.[1] So the death is not part of her conviction. *See Burrage v. United States*, 134 S. Ct. 881, 887 (2014) ("Because the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt.").

The next question is whether § 2D1.1(a)(2) applies when death is not inherent in the conviction but the district court finds, by a preponderance of the evidence, that death resulted. Lawler says no, relying on the provision's text. Importantly, numerous Guidelines provisions turn on the actu-

---

[1] This distinguishes Lawler from defendants who pleaded guilty to drug crimes that resulted in death. *See, e.g.*, *United States v. Johnson*, 706 F.3d 728, 729 (6th Cir. 2013) ("Johnson agreed to plead guilty to Count One of the Indictment charging him with distribution of heroin resulting in death."); *Vigneron v. United States*, No. 03-C-3575, 2003 U.S. Dist. LEXIS 20852, at *8 (N.D. Ill. Nov. 19, 2003) (rejecting an argument similar to Lawler's because the court "did not determine by a preponderance of the evidence that petitioner's distribution of drugs resulted in a death—petitioner pled to this fact").

al consequences of the defendant's "offense."[2] In contrast, § 2D1.1(a)(2) looks only to what is "establishe[d]" by the defendant's "offense of conviction."[3]

The Guidelines make clear that "offense of conviction" and "offense" have different meanings. Specifically, § 1B1.1 n.1 defines "offense" to mean "offense of conviction" *plus* "all relevant conduct." And "relevant conduct" means "all acts and omissions … that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense[.]" § 1B1.3(a). Together these provisions show that: (1) "offense of conviction" does not include

---

[2] *See, e.g.,* U.S.S.G. § 2A2.1 cmt. n.2 (where the "offense created a substantial risk of death … to more than one person"); § 2B1.1(b)(15) (where the "offense involved … the conscious or reckless risk of death"); § 2B5.3(b)(6) (same); § 2B3.2 cmt. n.7 (where the "offense involved the threat of death … to numerous victims"); § 2B5.3 cmt. n.5(D) (where the "offense resulted in death"); § 2K1.4 (a)(1)–(2) (where the "offense … created a substantial risk of death"); § 2K1.4(c) (where "death resulted, or the offense was intended to cause death"); § 2L1.1(b)(6) (where "the offense involved intentionally or recklessly creating a substantial risk of death"); § 2N1.1 cmt. n.1 (where the "offense posed a substantial risk of death … to numerous victims"); § 2P1.3(a)(1) (where the "offense was committed under circumstances creating a substantial risk of death"); § 2Q1.2(b)(2) (where the "offense resulted in a substantial likelihood of death"); § 2Q1.3(b)(2) (same); § 2Q1.6(a)(3) (where the "offense involved reckless disregard to the risk that another person would be placed in danger of death").

[3] A 1989 amendment changed § 2D1.1(a)(2)'s base offense level from "38, for an *offense that results* in death" to "38, if … the *offense of conviction establishes* that death … resulted…" (emphasis added). Also, subsection (a)(2)'s language is repeated in subsections (a)(1), (a)(3), and (a)(4). So the differences between § 2D1.1(a)(2) and the numerous provisions of the Guidelines listed in footnote 2 appear to be intentional, not inadvertent.

"relevant conduct"; and (2) "offense of conviction" is narrower than "offense." *See United States v. Rebmann*, 321 F.3d 540, 543–44 (6th Cir. 2003) (reaching this conclusion after textual analysis); *United States v. Pressler*, 256 F.3d 144, 157 n.7 (3d Cir. 2001) (same); *see also United States v. Blackwell*, 323 F.3d 1256, 1260 (10th Cir. 2003) (same, in the context of a different Guideline provision). The district court appears to have agreed, stating that the "offense of conviction includes only what [Lawler] was convicted of, conspiracy to possess with intent to distribute one kilogram or more of heroin" and that "a reasonable person could say the offense of conviction does not involve the death enhancement."

The district court went on, however, to state that § 2D1.1(a)(2) "is an enhancement for *relevant conduct* and not an element of the offense" (emphasis added). That was erroneous. The text states that the "offense of conviction"—which, as we just discussed, does not include "relevant conduct"—must "establis[h]" that death occurred. That's the case only when death is an element of the crime that is admitted by the defendant or proven beyond a reasonable doubt. This conclusion, based on the text, is the one reached by the circuit courts that have squarely addressed the issue. *See Rebmann*, 321 F.3d at 543–44 ("[A] careful reading of the express language of § 2D1.1(a), along with other provisions and explanations contained in the Guidelines Manual, convinces us that the death-resulting sentencing enhancement set forth in that provision is not based on relevant offense conduct to be determined by a preponderance of the evidence, but rather is tied expressly to the substantive offense of conviction under the statute. As a result …, the death resulting enhancement applies only when the elemental facts supporting the 'offense of conviction' establish beyond a

reasonable doubt that death resulted from the use of the controlled substance."); *Pressler*, 256 F.3d at 157 n.7; *United States v. Greenough*, 669 F.3d 567, 573–75 (5th Cir. 2012).[4]

The government urges that even after *Alleyne* a district court can consider "relevant conduct," found by a preponderance of the evidence, when selecting a sentence within the permissible statutory range. That's true but irrelevant to the issue at hand, which is simply the correct interpretation of § 2D1.1(a)(2). Nothing we say today prevents a sentencing court, when determining a defendant's ultimate sentence, from considering the fact that death resulted. *See* 18 U.S.C. § 3553(a)(1) (directing courts to consider "the nature and circumstances of the offense"); 18 U.S.C. § 3553(a)(5) (directing courts to consider the Sentencing Commission's policy statements); U.S.S.G. § 5K2.1 (policy statement advising that "[i]f death resulted, the court may increase the sentence above the authorized guideline range").

---

[4] The *Greenough* court wrote that some circuits had "sentenced individuals in a manner that would imply" a different interpretation of § 2D1.1(a)(2). 669 F.3d at 574 (citing *United States v. Shah*, 453 F.3d 520 (D.C. Cir. 2006); *United States v. Rodriguez*, 279 F.3d 947 (11th Cir. 2002); *United States v. Deeks*, 303 F. App'x 507 (9th Cir. 2008)). Even that measured statement was too strong. *Shah* and *Rodriguez* involved defendants who pleaded guilty to causing death. *Shah*, 453 F.3d at 522; *Rodriguez*, 279 F.3d at 951–52. (Shah unsuccessfully sought to withdraw his plea and Rodriguez made the legal argument that § 2D1.1(a)(2) should not apply because the death might have been avoided if bystanders had intervened.) And the unpublished *Deeks* opinion never discusses whether § 2D1.1(a)(2) requires death to be an element inherent in the crime, nor did the defendant raise that argument—he merely challenged the factual finding that death resulted. In short, these opinions are not on point and we are not aware of a reasoned opinion from another circuit court that conflicts with our holding.

Lawler's textual arguments are strong and the government's responses are not. We join the Third, Fifth, and Sixth Circuits in holding that § 2D1.1(a)(2) applies only when a resulting death (or serious bodily injury) was an element of the crime of conviction, proven beyond a reasonable doubt or admitted by the defendant. Not so in Lawler's case.

### III. CONCLUSION

We VACATE Lawler's sentence and REMAND for further proceedings consistent with this opinion.