In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-4182

IVY T. TUCKER,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Eastern District of Wisconsin
Nos. 2:14-cv-01303-LA and 2:14-cv-01304-LA — **Lynn Adelman**, *Judge.*

ARGUED APRIL 11, 2018 — DECIDED MAY 10, 2018

Before BAUER, SYKES, and BARRETT, *Circuit Judges*.

BAUER, *Circuit Judge.* In 2010, a jury convicted Petitioner Ivy Tucker of conspiring to distribute more than one gram of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He was sentenced to 40 years' imprisonment after the district court found that his drug distribution resulted in a death. After his conviction was affirmed on direct appeal, Tucker filed a

petition pursuant to 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel. The district court denied his petition, and this appeal followed.

## I.  BACKGROUND

On June 23, 2009, a superseding indictment charged Tucker and nine co-defendants with conspiracy to distribute more than one gram of heroin. Paragraph Three of the indictment included the additional allegation that "[o]n January 9, 2009, death resulted from the use of heroin distributed by the conspiracy." All of Tucker's co-defendants pleaded guilty; Tucker proceeded to trial.

Prior to trial, Tucker and the government entered into a stipulation to omit all evidence of the causation of the death referenced in Paragraph Three and request that the district court decline to instruct the jury on that portion of the indictment. On the first day of trial, the government orally presented the district court with the following description of the parties' agreement:

> The government believes that [the causation of death issue is] a sentencing factor and addresses the mandatory minimum sentence in this case, which would be 20 years … . The mandatory minimum of 20 years is still in play, and the government believes it's even more of a sentencing factor than an element of the offense, and the government and defense believe that it might be somewhat prejudicial to Mr. Tucker. Based upon the fact that we have a young female who died because of the distribution of this

> controlled substance—that it may be appropri-
> ate for the case to be tried on the conspiracy, and
> to leave the issue of causation of the overdose
> death … or remove the causing death aspect.
> Include that as part of any sentencing factor if
> the—or the  sentencing phase of this case. (sic)

The court asked defense counsel if that was a correct recitation of the parties' discussion and counsel stated that it was.

Accordingly, the government did not present any evidence regarding a death, and the court omitted Paragraph Three's charge of a resulting death when it read the indictment to the jury. On October 14, 2010, the jury convicted Tucker of conspiracy and, in response to the only additional special verdict question, found that the offense involved more than one kilogram of heroin.

Prior to sentencing, the United States Probation Office filed a Presentence Investigation Report ("PSR"), which explained that Tucker's base offense level under the Sentencing Guidelines was 32 based on his conviction under 21 U.S.C. § 841(a)(1). However, the PSR recommended that, pursuant to U.S.S.G. § 2D1.1(a)(2), the base level should increase to 38 because his offense involved more than one kilogram of cocaine and "the offense of conviction establishe[d] that death or serious bodily injury resulted from the use of the substance."

Tucker's sentencing hearing occurred on February 3, 2012. At the hearing, the government presented evidence and called several witnesses to establish that the heroin Tucker distrib-

uted was sold to Amanda Ward, who overdosed and died. The district court found that, although other drugs were involved, the heroin distributed by the members of the conspiracy was the proximate cause of Ward's death. Therefore, the court adopted the findings of the PSR, which established a Guidelines range of 360 months' to life imprisonment, and sentenced Tucker to 40 years in prison with five years of supervised release. Tucker's counsel did not object to the court's specific finding as to Ward's death, nor its adoption of the other findings in the PSR. Tucker's conviction was affirmed on direct appeal. *See United States v. Tucker*, 714 F.3d 1006 (7th Cir. 2013).

Tucker then filed a petition under 28 U.S.C. § 2255, raising a number of claims of ineffective assistance of counsel. Those included claims that his trial counsel failed to object to certain improper testimony and evidence, as well as general claims that his appellate counsel failed to contest the sentencing enhancements the district court applied.

While the petition was pending, Tucker filed, and the district court granted, a "Motion to Expand the Record" to include the specific argument at issue in this appeal. In that motion, Tucker cited *United States v. Lawler*, 818 F.3d 281, 285 (7th Cir. 2016), where we held for the first time that § 2D1.1(a)(2) can apply only "when a resulting death (or serious bodily injury) was an element of the crime of conviction, proven beyond a reasonable doubt or admitted by the defendant." Even though *Lawler* was decided well after Tucker was sentenced, Tucker argued that his trial counsel rendered ineffective assistance by failing to challenge the application of § 2D1.1(a)(2) in light of the fact that the jury made no finding

regarding Ward's death in his case. The district court denied Tucker's petition in its entirety, and Tucker timely appealed.

## II. DISCUSSION

Tucker appeals only from the denial of his claim that his trial counsel rendered ineffective assistance by failing to challenge the district court's application of the § 2D1.1(a)(2) enhancement. We review *de novo* the denial of a § 2255 petition based on a claim of ineffective assistance of counsel. *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000).

To succeed on a claim of ineffective assistance of counsel Tucker must satisfy the two-pronged burden set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The "deficient performance" prong requires him to "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Upon making that showing, he must then demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Because it is dispositive, we need only address the first prong of the inquiry.

Section 2D1.1(a)(2) of the United States Sentencing Guidelines sets a base offense level of 38 if the defendant is convicted of distributing one kilogram or more of heroin "and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance." In 2016, this Court followed the Third, Fifth, and Sixth Circuits in holding that the enhancement only applies where the resulting death or serious bodily injury "was an element of the crime of conviction, proven beyond a reasonable doubt or admitted by the defendant." *Lawler*, 818 F.3d at 285.

As a result of the parties' stipulation, the jury in Tucker's case did not have the opportunity to make such a finding. Tucker contends that his counsel's failure to object to the district court making the finding at sentencing and applying § 2D1.1(a)(2) constituted deficient performance. Despite the fact that *Lawler* was decided over four years after his sentencing hearing, he argues that the state of the law in other circuits was such that it was unreasonable for his counsel to allow the court to make that finding without objection. This argument is unpersuasive.

Putting to one side the appropriate impact of rulings from other circuits on counsel's failure to object, Tucker's argument ignores that his counsel made the strategic decision to completely remove from the jury the factual question of whether a death resulted from the drug distribution. By agreeing to cede the determination of that issue to the district court at sentencing, Tucker's counsel made the calculation that Tucker was more likely to achieve an acquittal on the drug charge if the jury did not hear any evidence regarding a death. "It is well established that our scrutiny of counsel's trial strategy is to be deferential and that we do not second guess the reasonable tactical decisions of counsel in assessing whether his performance was deficient." *Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010). It was surely a reasonable tactical decision to strike a deal that would prevent the government from putting evidence before the jury that Tucker's drug dealing resulted in the death of a 22-year-old woman.

It is true, as Tucker points out, that at the time of his sentencing, three of our sister circuits had either explicitly held or suggested that § 2D1.1(a)(2) applies only where the resulting

death is established beyond a reasonable doubt (or as part of a plea agreement). *See United States v. Greenough*, 669 F.3d 567, 574–75 (5th Cir. 2012); *United States v. Rebmann*, 321 F.3d 540, 544 (6th Cir. 2003); *United States v. Pressler*, 256 F.3d 144, 157 n.7 (3d Cir. 2001). However, that was not established in this Circuit until *Lawler*, and we have held that a failure to anticipate a change or advancement in the law does not qualify as ineffective assistance. *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993).

Regardless, the question of whether Tucker's counsel should have known, based on existing case law, to make the argument is not dispositive in this case because he made a strategic decision not to do so. By agreeing to the stipulation, he made the reasonable calculation that his client would be better off if the jury did not hear any evidence regarding the resulting death. It would lead to an absurd result if Tucker were able to gain the benefit of taking that factual issue away from the jury, only to turn around and argue that the district court was also barred from resolving it. Because the issue was not yet settled in this Circuit, and because Tucker's counsel made a reasonable tactical decision, we cannot say that the failure to object to the application of the enhancement constituted deficient performance. *See Johnson*, 624 F.3d at 792.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.