MEMORANDUM **
Donald Wesley Deeks pled guilty to the importation of cocaine. On appeal he challenges the denial of his motion to suppress and contends that the district court committed procedural error by incorrectly calculating the Sentencing Guidelines range. We affirm.
We review de novo the district court’s denial of Deeks’ motion to suppress, while the underlying factual findings are reviewed for clear error. United States v. Sears, 411 F.3d 1124, 1127 (9th Cir.2005). Our review of the district court’s interpretation of the Sentencing Guidelines is de novo, while we review the court’s sentencing factual findings for clear error. United States v. Lambent, 498 F.3d 963, 966 (9th Cir.2007). Review of the application of the Guidelines to the facts is for an abuse of discretion or de novo, see United States v. Rivera, 527 F.3d 891, 908 (9th Cir.2008); however, the result here is the same under either standard.
*509 We affirm the denial of the motion to suppress. The district court’s finding that Deeks’ consent to the search of his living room was voluntary is not clearly erroneous. See United States v. Todhunter, 297 F.3d 886, 891 (9th Cir.2002).
The district court did err in finding that the warrantless search of the upstairs of Deeks’ home was within the scope of a lawful protective sweep. “A ‘protective sweep’ is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others.” Maryland v. Buie, 494 U.S. 325, 327, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990). To lawfully conduct such a sweep, however, “there must be articulable facts which, taken together with rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene.” Id. at 334, 110 S.Ct. 1093. Neither the government nor the district court identified any such articulable facts.
The illegality of the protective sweep means the evidence law enforcement observed in Deeks’ upstairs walk-in closet was tainted and should not have been included in the affidavit for a search warrant. United States v. Vasey, 834 F.2d 782, 788 (9th Cir.1987) (citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)). Nonetheless, “[t]he mere inclusion of tainted evidence in an affidavit does not, by itself, taint the warrant or the evidence seized pursuant to the warrant.” Id. We must “excise the tainted evidence and determine whether the remaining, untainted evidence would provide a neutral magistrate with probable cause to issue a warrant.” Id.
We conclude that it would. The tainted evidence is one paragraph of the eight-page affidavit; even without that paragraph the affidavit provides a substantial basis for finding probable cause to believe Deeks engaged in possession and delivery of illegal narcotics. See United States v. Chavez-Miranda, 306 F.3d 973, 978 (9th Cir.2002).
The district court did not err in finding that Deeks’ statements to law enforcement were voluntary. We consider the totality of the circumstances in determining whether a statement was made voluntarily. United States v. Kelley, 953 F.2d 562, 564 (9th Cir.1992). Those circumstances include “both the characteristics of the accused and the details of the interrogation,” id. at 565; however, “coercive police activity is a necessary predicate to the finding that a confession is not ‘voluntary’ within the meaning of the Due Process Clause.” Colorado v. Connelly, 479 U.S. 157, 167, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). Reviewing the record de novo, see United States v. Narvaez-Gomez, 489 F.3d 970, 973 (9th Cir.2007), we agree that the record is devoid of any evidence of law enforcement coercion.
Finally, the district court properly applied Sentencing Guideline § 2D1.1(a)(2), which requires a base offense level of 38 if the defendant is convicted of importation of a controlled substance and “the offense of conviction establishes that death or serious bodily injury resulted from use of the substance.” The Guideline applies if the government proved that the controlled substance Deeks imported into the United States was used by Danelle Garza and caused her death; the government is not required to prove foreseeability. See United States v. Houston, 406 F.3d 1121, 1122-24 (9th Cir.2005) (interpreting 21 U.S.C. § 841(b)(1)(C) which contains language nearly identical to U.S.S.G. § 2Dl.l(a)(2)). The district court’s finding that the cocaine imported by Deeks caused Garza’s death was not *510 clearly erroneous. Further, the application of the Guideline did not violate the rule of Apprendi. See United States v. Toliver, 351 F.3d 423, 433 (9th Cir.2003) (holding that Apprendi applies only if a district court sentences a defendant above the statutory maximum authorized by the conviction).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.