# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 11, 2013

No. 12-50621

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESPIGMENIO HERNANDEZ, JR.; HECTOR MANUEL ARMENDARIZ, JR.,

Defendants-Appellants

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:11-CR-442

Before DENNIS, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Hector Manuel Armendariz, Jr. was tried for one count of aiding and abetting and attempted possession of more than 100 kilograms of marijuana with intent to distribute. He was charged under 18 U.S.C. § 2 and 21 U.S.C. § § 841(a)(1), 846. Espigmenio Hernandez, Jr. was tried for one count of aiding and abetting and possession of more than 100 kilograms of marijuana with intent to distribute. His charges were under 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). A jury convicted both defendants.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50621

On appeal, Armendariz challenges the sufficiency of the evidence supporting his conviction. Hernandez challenges the drug quantity attributed to him as relevant conduct, the admission at trial of evidence of a prior episode of drug importation and a prior drug conviction, and the fine imposed. We AFFIRM.

On December 6, 2011, border patrol agents at a highway checkpoint in far west Texas, apparently near Big Bend, searched a red dump truck driven by Sean Russell. They discovered 606 kilograms of marijuana in a secret compartment in the truck. Two months earlier, Russell had been stopped at the same checkpoint, driving the same dump truck, but no drugs were discovered during that first stop.

Russell agreed to cooperate with law enforcement by making a controlled delivery of the marijuana. Neri Hinojoza, who had created the secret compartment at the direction of Hernandez in September 2011, accompanied Armendariz to meet with Hernandez at the location where Russell had left the truck. Hinojoza witnessed a conversation between Armendariz and Hernandez in which Armendariz negotiated a payment of $5000 to drive the truck, then saw Hernandez give Armendariz the key to the truck.

On December 8, agents watching the parked dump truck saw Armendariz approach the truck, inspect it, and drive off in it. Agents followed the truck, and witnessed Armendariz signaling but not changing lanes, taking an exit at the last second, and circling a gas station parking lot. When agents approached Armendariz at this gas station, he appeared nervous and made statements including that he had been in contact with Hernandez, was concerned about surveillance by police, and was driving the truck to SDS Disposal as part of his regular job. Agents proceeded to the SDS Disposal site; Hernandez arrived two hours later. Agents questioned and then arrested Hernandez.

No. 12-50621

## DISCUSSION

I.   *Sufficiency of the Evidence against Armendariz*

Armendariz argues there was insufficient evidence to establish he attempted to possess marijuana with intent to distribute.  When a defendant preserves a challenge to the sufficiency of evidence, this court reviews the denial of a motion for a judgment of acquittal *de novo*.  *United States v. Curtis*, 635 F.3d 704, 717 (5th Cir. 2011).  We review evidence in the light most favorable to the jury verdict to determine whether a rational jury could have found guilt beyond a reasonable doubt.  *Id.* at 717-18.

To support the conviction for attempt, the government was required to show that Armendariz acted with the culpability required for commission of the possession with intent to distribute offense, which was knowledge, and that he "engaged in conduct which constitutes a substantial step toward commission of the crime[,] i.e., conduct strongly corroborative of the firmness of the defendant's criminal intent."  *United States v. Redd*, 355 F.3d 866, 872-73 (5th Cir. 2003) (quotation marks and citation omitted).  The mere fact that the drugs were found in the vehicle driven by Armendariz is not enough to support a conviction; "additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge is required."  *United States v. Martinez-Lugo*, 411 F.3d 597, 599 (5th Cir. 2005) (quotation marks and citation omitted).

The government presented evidence on which the jury could have rationally based a guilty verdict.  First, there was a large quantity of marijuana: 606 kilograms with an estimated value of $1,068,800.  A large quantity of drugs is some evidence supporting a reasonable inference of guilty knowledge, as we have held that someone oblivious to the presence of a highly valuable quantity of contraband would not likely be given the task of transporting it.  *See United States v. Ramos-Garcia*, 184 F.3d 463, 466 (5th Cir. 1999).  Second, the jury could use Armendariz's manifestations of nervousness as some evidence he had

a "consciousness of criminal behavior." *United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990). Third, the jury could consider the inconsistencies between Armendariz's statements and his conduct. Jurors were presented with the discrepancy between Armendariz's stated destination and his decision to exit the highway at a point that was inconsistent with that destination. And they also heard testimony that Armendariz negotiated a $5000 payment for this trip, notwithstanding his statement that he was driving the truck as part of his regular $20-per-hour job. *See United States v. Villarreal*, 324 F.3d 319, 325 (5th Cir. 2003). Fourth, the jury could consider Armendariz's actions, testified to by a Drug Enforcement Agency ("DEA") agent, as counter-surveillance measures. *See United States v. Fierro*, 38 F.3d 761, 769 (5th Cir. 1994).

The circumstantial evidence in this case is sufficient to demonstrate Armendariz "knowingly took a substantial step toward possessing [the drugs] with the intent to distribute." *Redd*, 355 F.3d at 873.

## II.    *Drug Quantity Attributed to Hernandez at Sentencing*

The district court must find facts relevant to the Sentencing Guidelines by a preponderance of the evidence. *United States v. Greenough*, 669 F.3d 567, 576 (5th Cir. 2012). This court reviews factual determinations by the district court for clear error. *Id.* "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.* (quotation marks and citation omitted).

In making its factual findings, the district court "may consider any evidence which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Nava*, 624 F.3d 226, 230-31 (5th Cir. 2010) (quotation marks omitted). Sufficient indicia of reliability are generally contained in presentence investigation reports. *Id.* at 231. A defendant bears of the burden of showing that this evidence is "materially untrue, inaccurate or unreliable." *Id.*

No. 12-50621

Hernandez does not dispute that 606 kilograms of marijuana were seized from the December 6 load for which he was charged. The Presentence Investigation Report ("PSR") states that co-defendant Sean Russell told DEA agents that on October 21, "he was able to successfully transport the same amount of marijuana, using the same dump truck." Additional circumstantial evidence was offered at trial. Russell described an identical loading procedure on both dates that included men on horseback bringing bundles of marijuana to the dump truck, wiping down the bundles with bleach, and stowing them in secret compartments in the truck. On both occasions, loading took four hours and Russell was paid $25,000 to drive the truck across the Mexican border into the United States. Another defendant, Neri Hinojoza, testified that at Hernandez's direction he built the secret compartments prior to both loads.

Hernandez identifies contrary evidence, including that an October 21 border inspection did not uncover the drugs and testimony that weld marks on the secret compartment "looked fresh" on December 6. Hernandez also argues that drug smugglers often make test runs without drugs or with only a small quantity of drugs.

The quantity of drugs attributed to a defendant at sentencing need not be limited to drugs actually seized and can be based on estimate or approximation. *See United States v. Betancourt*, 422 F.3d 240, 246-47 (5th Cir. 2005). Considering the record as a whole, the district court did not clearly err in attributing 1212 kilograms of marijuana to Hernandez as relevant conduct.

III.   *Admission of Prior Bad Acts against Hernandez*

Hernandez challenges the admission of evidence of the October 21 importation of marijuana and a 2003 conviction for possession of marijuana. Hernandez properly preserved objections to this evidence, therefore we review the admission under a heightened abuse of discretion standard. *United States v. Adair*, 436 F.3d 520, 526 (5th Cir. 2006).

No. 12-50621

Extrinsic evidence under Rule 404(b) of the Federal Rules of Evidence is admissible when relevant to an issue other than a defendant's character, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(1)-(2).  The evidence is inadmissible when its "probative value is substantially outweighed by a danger of . . . unfair prejudice" to the defendant.  Fed. R. Evid. 403.

The October 21 load of marijuana was imported with the same *modus operandi* as the December 6 load.  The similarities were these: both loads were delivered by men on horseback in Mexico; the bundles were wiped with bleach before being secreted in hidden compartments of the same dump truck; and the dump truck was filled with bentonite and driven across the border into the United States by the same driver.

The conviction Hernandez challenges is a 2003 prior conviction for possession with intent to distribute over 100 kilograms of marijuana.  This charge required proof of the same *mens rea* as the charged offense in this case.

We have held that "the issue of intent is always material" in a drug-trafficking case. *United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005). This is so because, as in the charged offense here, the government must prove that Hernandez acted "knowingly or intentionally." 21 U.S.C. § 841(a)(1). That Hernandez intended to possess and distribute marijuana on December 6 was supported by the evidence that he did so, via an identical *modus operandi*, on October 21.  That intent is also demonstrated by the fact that Hernandez manifested the same intent in 2003.

As to whether the danger of unfair prejudice substantially outweighs the probative value of the evidence, we accept that as to the October 2011 events, there was a high degree of similarity with the charged crime as well as a close temporal proximity.  The prejudice may have been strong, but it was not unfair. The 2003 prior conviction is temporally distant, but we have upheld the

6

admission of similar offenses "where the time period in between was as long as 15 and 18 years." *United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006).

Jury instructions are also relevant to the prejudice determination. The district court issued two limiting instructions to the jury. The first was given after the introduction of Hernandez's prior conviction. The court stated: "You may not consider this evidence in deciding if the Defendant committed the acts charged in the indictment . . . ." The second was given before the jury retired. This time, jurors were told that "the similar acts allegedly committed on other occasions" could only be considered for the "limited purposes" of "[w]hether the defendant had the knowledge, state of mind or intent necessary to commit the crime charged in the indictment . . . ." The general rule in this circuit is that "evidence of a defendant's prior conviction for a similar crime is more probative than prejudicial and that any prejudicial effect may be minimized by a proper jury instruction." *United States v. Taylor*, 210 F.3d 311, 318 (5th Cir. 2000).

The district court did not abuse its discretion in determining that both the October 21 load and the 2003 prior conviction satisfied the requirements of Rule 404(b) and were not substantially more prejudicial than probative.

IV.    *Hernandez's Fine*

At sentencing, the district court adopted the PSR and found the Guidelines fine range was $17,500 to $10 million. Hernandez does not object to the calculation behind the range. The PSR found "Hernandez does have the ability to pay a fine on an installment basis." The district court found Hernandez had the ability to pay a fine and imposed a fine of $100,000. The written judgment reflected: "Payment of this sum shall begin immediately."

Hernandez argues that ordering the immediate commencement of payment is at odds with the recommendation in the PSR, and the order should have been explained. Hernandez concedes, in light of a failure to object at sentencing, that imposition of the fine is reviewed for plain error. Plain error

review requires a defendant to demonstrate error, which was plain or obvious, and show the defendant suffered substantial prejudice from that error. *United States v. Vargas-Soto*, 700 F.3d 180, 182 (5th Cir. 2012). If this court finds a plain error that affects a defendant's substantial rights, we "can correct the error only if [it] seriously affects the fairness, integrity, or public reputation of judicial proceedings or in order to prevent a manifest miscarriage of justice." *Id.* (quotations omitted).

The district court properly imposed a fine consistent with the Guidelines range and with the PSR. While the PSR noted the ability to pay "on an installment basis," it made no recommendation as to when payment of a fine could begin. The PSR recorded Hernandez's ownership of four vehicles valued at $65,000. Even where a PSR makes no findings as to the defendant's ability to pay, a district court need not make express findings on his ability. *See United States v. Matovsky*, 935 F.2d 719, 722 (5th Cir. 1991). The district court imposed payment to "begin immediately," addressing a point on which the PSR was silent. Specific findings are required when a district court adopts the findings in a PSR but departs from the recommendation. *United States v. Fair*, 979 F.2d 1037, 1041 (5th Cir. 1992). There was no such departure here. That means there was no procedural requirement that the district court make specific findings as to Hernandez's ability to begin payment immediately.

The district court's imposition of the $100,000 fine, payment to begin immediately, was not in error.

AFFIRMED.