15-3486-cr
United States v. Sica

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand seventeen.

PRESENT:   REENA RAGGI,
           DENNY CHIN,
           RAYMOND J. LOHIER, JR.,
                *Circuit Judges*.
----------------------------------------------------------------------
UNITED STATES OF AMERICA,

                                        *Appellee*,


           v.                                       No. 15-3486-cr

DENNIS SICA,

                        *Defendant-Appellant*,


ARTHUR DESIERVI,

                        *Defendant.*
----------------------------------------------------------------------
APPEARING FOR APPELLEE:        SCOTT A. HARTMAN, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.


APPEARING FOR APPELLANT:       THEODORE S. GREEN, Green & Willstatter, White Plains, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 26, 2015 is AFFIRMED.

Defendant Dennis Sica was convicted after a guilty plea of conspiracy to traffic in heroin and fentanyl, causing the deaths of three people, *see* 21 U.S.C. §§ 841(b)(1)(B), 846, and sentenced principally to 420 months' imprisonment. On appeal, Sica challenges the factual basis for his guilty plea and the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Factual Basis for the Guilty Plea

Sica argues that his guilty plea was insufficient to establish that (a) his narcotics sales caused the victims' deaths and (b) such deaths were foreseeable. *See* Fed. R. Crim. P. 11(b)(3). We normally review a defendant's challenge to his plea's factual basis for abuse of discretion, subject to harmless error, *see United States v. Culbertson*, 670 F.3d 183, 189, 192 (2d Cir. 2012), but we review only for plain error where, as here, the defendant failed to challenge the validity of his plea in the district court, *see United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013) (citing *United States v. Vonn*, 535 U.S. 55, 59 (2002)). Sica thus bears the burden of showing (1) an error (2) that is clear and obvious, (3) affecting "substantial rights," and (4) seriously impugning the "fairness, integrity, or public reputation of judicial proceedings." *United States v. Wagner-Dano*,

2

679 F.3d 83, 94 (2d Cir. 2012) (internal quotation marks omitted). In the Rule 11 context, substantial rights are affected only if there is a "reasonable probability that, but for the error, [the defendant] would not have entered the plea." *United States v. Rodriguez*, 725 F.3d at 276. We identify no error here, plain or otherwise.

a. Causation

As to causation, Sica asserts that his guilty plea established only that his drug trafficking was *a* but-for cause of the victims' deaths, not *the sole* cause. The argument is defeated by *Burrage v. United States*, 134 S. Ct. 881 (2014), wherein the Supreme Court clearly and repeatedly stated that the causation element for § 841(b) offenses resulting in death requires only that the defendant's conduct be "*a* but-for cause of the death," *id.* at 892 (emphasis added); *see id.* at 885, 888, 889, 891.[1] In urging otherwise, Sica relies on a decision by a district court outside this circuit that, in a Title VII case, construed § 841(b)(1)(C) to require a showing of sole causation. *See Hendon v. Kamtek, Inc.*, 117 F. Supp. 3d 1325, 1331–32 (N.D. Ala. 2015). We are not persuaded.

In explaining the causation requirement, *Burrage* distinguished between instances in which the defendant's narcotics trafficking "merely played a nonessential contributing role" in the death, which does not suffice to establish causation, and instances in which the "incremental effect" of the drugs was the "straw that broke the camel's back," which does suffice. *Burrage v. United States*, 134 S. Ct. at 888. The record fixes this case

---

[1] *Burrage* specifically addressed the causation requirement of the penalty enhancement in 21 U.S.C. § 841(b)(1)(C), but neither Sica nor the government argues that the causation requirement of § 841(b)(1)(B) differs from that applicable to § 841(b)(1)(C). *See generally Law v. Siegel*, 134 S. Ct. 1188, 1195 (2014) (describing interpretive principle that same words in statute presumptively have same meaning).

3

firmly within the latter category, as toxicology reports and witness accounts provided a sufficient basis to conclude that the narcotics sold by Sica were essential to the victims' deaths, and therefore a but-for cause.   Indeed, Sica's counsel appears to have conceded as much at the plea allocution:

> We believe that the government will adduce on its direct case legally sufficient evidence that a jury could conclude that the deaths of those persons was a but/for—*the death would not have occurred but/for the use of the drugs that were distributed as part of the conspiracy.*

App'x 168 (emphasis added).   *Burrage* supports the penalty enhancement for § 841(b)(1) crimes in such circumstances.

We therefore identify no abuse of discretion—much less plain error—in the district court's conclusion that Sica's guilty plea provided a sufficient factual basis for the element of causation.

### b.    Foreseeability

Sica further argues—but also did not challenge at his plea allocution—the absence of a factual basis to conclude that the victims' deaths were foreseeable to him.   This argument fails because he cites no controlling authority for a foreseeability requirement, and an error is not "plain" when the urged rule is not "clearly established by the time of the appeal." *United States v. Irving*, 554 F.3d 64, 78 (2d Cir. 2009).   Indeed, Sica's foreseeability argument has been rejected by every court of appeals to have considered the question. *See United States v. Burkholder*, 816 F.3d 607, 616 (10th Cir. 2016); *United States v. Webb*, 655 F.3d 1238, 1257 (11th Cir. 2011); *United States v. De La Cruz*, 514 F.3d 121, 137 (1st Cir. 2008); *United States v. Hatfield*, 591 F.3d 945, 948,

4

949 (7th Cir. 2010); *United States v. Houston*, 406 F.3d 1121, 1124–25 (9th Cir. 2005); *United States v. Carbajal*, 290 F.3d 277, 284 (5th Cir. 2002); *United States v. McIntosh*, 236 F.3d 968, 972 (8th Cir. 2001); *United States v. Robinson*, 167 F.3d 824, 832 (3d Cir. 1999); *United States v. Patterson*, 38 F.3d 139, 145 (4th Cir. 1994).

We need not ourselves decide the need to establish foreseeability because, even if we were to answer that question in favor of Sica, we would identify no error here, where foreseeability was supported by facts in the record, specifically (1) Sica's experience with potent narcotics, particularly after his prior narcotics convictions; and (2) his continued sale of those narcotics even *after* learning that they had caused a young woman's illness and, shortly thereafter, a young man's death.

2.      Procedural Reasonableness

Sica also argues that procedural error in the calculation of his Sentencing Guidelines range rendered his sentence procedurally unreasonable.   *See United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*); *accord United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012).   The deferential abuse-of-discretion standard we apply to such a challenge, *see United States v. Young*, 811 F.3d 592, 598 (2d Cir. 2016), "incorporates *de novo* review of questions of law (including interpretation of the Guidelines) and clear-error review of questions of fact,"   *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008).

a.      Prior "Similar Offense" under § 2D1.1(a)(1)

Sica first argues that U.S.S.G. § 2D1.1(a)(1)'s use of the phrase "conviction[] for a similar offense" references not simply prior narcotics convictions—which Sica

unquestionably had—but prior narcotics convictions that similarly *resulted in death*—which he did not. In support, he cites a 1989 Guidelines amendment deleting an application note that defined "similar drug offense" to mean any "prior conviction as described in 21 U.S.C. § 841(b) or 962(b)." *See* U.S.S.G. App. C, amend. 123, at 59 (Nov. 1, 1989). Sica argues that removal of the note suggests that the phrase is intended to apply more narrowly than to such narcotics convictions. Sica, however, provides no affirmative support for such a conclusion, which he acknowledges has been rejected by the two courts of appeals to have considered the question. *See United States v. Johnson*, 706 F.3d 728, 730–32 (6th Cir. 2013); *see also United States v. Westry*, 524 F.3d 1198, 1220 n.12 (11th Cir. 2008).

In fact, Sica's argument is defeated by the very amendment referenced. The deleted note appeared at odds with the relevant statutory text, which imposed an enhanced sentence not only when a defendant had a prior § 841(b) or § 962(b) conviction, but also when he had *any* prior felony narcotics conviction under federal, state, or foreign law, *see* 21 U.S.C. § 841(b)(1)(B) (1988). Accordingly, the Sentencing Commission explained that its purpose in removing the note was to clarify that § 2D1.1(a)(1) applied "only in the case of a conviction under the circumstances specified in the statutes cited [by the Guideline]," U.S.S.G. App. C, amend. 123, at 59, which were then, as now, sections 841(b)(1)(A)–(C), *see* U.S.S.G. § 2D1.1(a)(1) (1989); U.S.S.G. § 2D1.1(a)(1) (2015). Each statutory provision, in turn, provides for an enhanced sentence when the defendant has a prior felony narcotics conviction under any state, federal, or foreign law, *see* § 841(b) (1988), with the current provision differing only in

6

exporting that list of qualifying convictions to an external provision, 21 U.S.C. § 802, which is included by reference using the term "felony drug offense."

Sica's suggestion that the phrase "prior . . . similar offense" in § 2D1.1(a)(1) must refer solely to convictions for prior narcotics offenses *resulting in death* thus finds no support in either the Guidelines amendment or the sentencing scheme provided by § 841(b), which has consistently defined the qualifying prior offense as *any* felony narcotics conviction arising under state, federal, or foreign law. *See, e.g.*, 21 U.S.C. §§ 841(b) (1988), 841(b) (2016); § 802 (2016). There is no serious question that the prior-conviction language in Guideline § 2D1.1(a) works in tandem with that in § 841(b). *See* § 2D1.1 cmt. n.27 (2015) (stating that base offense levels in guideline are "either provided directly by [statute] or are proportional to [] levels established" therein); *see also United States v. Johnson*, 706 F.3d at 731 (stating that § 2D1.1 guideline and § 841(b) statute designed to "mirror one another in several respects"); *United States v. Greenough*, 669 F.3d 567, 575 (5th Cir. 2012) (interpreting § 2D1.1 in light of § 841(b)).

Accordingly, this argument that § 2D1.1(a)(1) does not apply in Sica's case fails on the merits.

b.      Establishment of Prior Similar Offense

Sica further argues that § 2D1.1(a)(1) requires that his "prior convictions for a similar offense" be "establish[ed by]" the "offense of conviction," which is not the case here, as he did not plead to the substantive § 841(b)(1)(B) prior-felony death-results crime, which would have mandated a life sentence. The government agrees that Sica did not plead guilty to this aggravated offense, but it argues that § 2D1.1(a)(1)

7

nonetheless applies because evidence of Sica's prior convictions was adduced at sentencing. The decisions of our sister circuits do not speak clearly as to whether the Guidelines phrase "offense of conviction establishes" limits the application of § 2D1.1(a)(1) to cases in which a prior felony drug conviction and resulting death are elements of the crime of conviction. *Compare, e.g.*, *United States v. Lawler*, 818 F.3d 281, 283–84 & 284 n.3 (7th Cir. 2016) (stating that § 2D1.1(a)(2) looks only to what is "establishe[d]" by "offense of conviction," and that § 2D1.1(a)(1) contains the same language); *United States v. Greenough*, 669 F.3d at 573–76 [5th Cir.] (holding § 2D1.1(a)(2) inapplicable if resulting-death conduct not charged, but affirming on plain error grounds); *United States v. Rebmann*, 321 F.3d at 543–44 (6th Cir. 2003) (stating that § 2D1.1(a)(2) requires charging death-results element); *United States v. Pressler*, 256 F.3d 144, 158 n.7 (3d Cir. 2001) (dictum to same effect), *with United States v. Johnson*, 706 F.3d at 729, 732 [6th Cir.] (holding § 2D1.1(a)(1) applicable even if government does not charge defendant with prior felony narcotics conviction), *and United States v. Shah*, 453 F.3d 520, 524 (D.C. Cir. 2006) (holding not *plain* error to apply § 2D.1.1(a)(2) without charging death-results element when plea agreement and government proffer stated that defendant "was accountable for the death").

We need not decide the issue here because Sica did not raise it below and fails to demonstrate plain error on appeal. No controlling precedent by the Supreme Court or this court clearly establishes § 2D1.1(a)(1)'s inapplicability to a defendant who is allowed to plead to a narcotics offense without acknowledging the prior conviction that would subject him to a life sentence, where, as here, such prior convictions are

convincingly established at sentencing. *See United States v. Irving*, 554 F.3d at 78 (error not "plain" when applicable rule not clearly established by time of appeal). In the absence of such authority, we cannot identify error so "egregious and obvious" as to make the government and district court derelict in permitting it. *See United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (internal quotation marks omitted); *United States v. Marcus*, 560 U.S. 258, 262 (2010) (stating plain error standard).

3.      Substantive Reasonableness

Sica challenges the substantive reasonableness of his sentence, arguing that he was only a street-level drug dealer selling narcotics largely to other addicts. Further, he maintains that statutory provisions and implementing Guidelines for narcotics offenses resulting in death were enacted in a "hasty manner" and based on "media-led opinion[s] of dubious validity." Appellant's Br. 37. We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d at 189 (emphasis and internal quotation marks omitted); *see also United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (discussing "broad range of permissible decisions available to the district court"). That is not this case.

The district court recognized that Sica "[wa]s not a high-level drug dealer," App'x 210, and "was an addict himself," *id.* at 215. At the same time, it noted (1) Sica's continued eagerness to sell potent narcotics knowing they could—and had—caused death, (2) his initial lack of remorse, and (3) the tragic consequences his conduct had wreaked on the victims and their families. Such evidence aggravated relevant § 3553(a)

9

factors, notably the defendant's history and characteristics, the need for his sentence to reflect the seriousness of the offense, and the need to afford adequate deterrence and to protect the public. On this record, the district court did not exceed its discretion in concluding that a 420-month term of imprisonment, which was below the Guidelines range of life imprisonment calculated pursuant to § 2D1.1(a)(1), was within the range of "permissible decisions" available. *United States v. Cavera*, 550 F.3d at 189.

Indeed, even if the district court had committed procedural error in applying § 2D1.1(a)(1) rather than § 2D1.1(a)(2) to Sica's Guidelines calculation, no different conclusion as to reasonableness would obtain because the court clearly stated that it "would have imposed the same sentence were the range 360 to life" under the latter guideline. App'x 175, 218. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009); *accord United States v. Kent*, 821 F.3d 362, 367–68 (2d Cir. 2016). We therefore identify no merit in Sica's procedural or substantive reasonableness challenges.

4.    Conclusion

We have considered Sica's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

10